LOBRANO, Judge.
This appeal is the result of cross motions for summary judgment filed by plaintiffs and defendant. The main issue presented by these motions is whether a motor vehicle liability insurance policy which provides a single limit maximum coverage of $50,000.00 for all damages (i.e. whether personal injury damage or property damages) violates the statutory requisites of La.R.S. 32:900.
Plaintiffs are the driver and guest passenger of an auto involved in a collision with a vehicle owned by Foundation Experts, Inc. and insured by Tri-State Insurance Company (Tri-State). Tri State’s liability policy provided for a single limit of $50,000.00 for all damages, which its insured must pay, whether personal injury or property.
As a result of the collision, plaintiffs instituted these proceedings seeking recovery for both personal injury and property damages. Because of the seriousness of the injuries to both plaintiffs, Tri-State paid $4,008.00 in property damages to the owner of the vehicle (who was also the driver), then invoked a concursus proceeding to distribute the remaining $45,992.00 of the policy. Plaintiffs then filed a motion for summary judgment seeking reformation of Tri-State’s policy arguing that it did not conform with La.R.S. 32:900. Tri-State also moved for summary judgment asserting that it should be dismissed from the lawsuit.
The trial court granted Tri-State’s motion and dismissed plaintiff’s suit against them with prejudice. Plaintiffs perfect this appeal. They argue the court’s interpretation of La.R.S. 32:900 is incorrect. They also argue that Tri-State owes a duty to defend its insured.
La.R.S. 32:900 entitled “Motor Vehicle Liability Policy Defined,” provides, in pertinent part:
⅝ ⅜ ⅜! ⅜ ⅝ ¡jí
“B. Such owner’s policy of liability insurance:
* * * * ⅝ ⅜
(2) Shall insure the person named therein and any other person, as insured, ... subject to limits exclusive of interest and costs with respect to each such motor vehicle as follows:
(a) Ten thousand dollars because of bodily injury to or death of one person in any one accident, and,
(b) Subject to said limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and
(c) Ten thousand dollars because of bodily injury to or destruction of property of others in any one accident.”
Plaintiffs argue that strict construction of the cited statute mandates that minimum coverages be provided in all three categories delineated in the statute. In support thereof they urge that the operative word “and” which appears after each sub-paragraph requires such an interpretation. We find that plaintiffs’ argument does not support, at least in this case, the result he urges.
*511 Clearly, the intent of La.R.S. 32:900 is to set forth the minimum amounts of coverage in an automobile policy necessary to meet the requirements of the Motor Vehicle Safety Responsibility Law. A reasonable interpretation of the minimum amount requirements is that the liability policy must provide at least ten thousand dollars to cover the personal injury of any one person, at least twenty thousand dollars when two or more persons are injured, and at least ten thousand dollars to pay the property damage of others. Of course, a policy may provide for coverage in excess of those minimum amounts. See La.R.S. 32:900(G).
Tri-State’s policy provides $50,-000.00 coverage irrespective of whether the damage is to property or the result of bodily injury. Clearly, it exceeds the minimum requirements of each paragraph of R.S. 32:900(B)(2). Plaintiff argues, however, that subsection (c) [property damage minimum] is violated because, theoretically, there could be serious personal injuries which would exhaust the $50,000.00 limit, thus leaving no coverage available for property damage. This argument is not persuasive as it addresses the issue of distribution of policy proceeds, rather than minimum coverages. For example, the same argument could be made if the policy provided the minimum 10/20/10 coverage and there were five seriously injured plaintiffs. The most they could collectively collect would be twenty thousand dollars and certainly some, if not all, would receive less than the $10,000.00 minimum requirement of subsection B(2)(a). Certainly that factual scenario would not support an argument that the statutory requirements were not met. Similarly, the factual scenario asserted by plaintiffs does not support their argument.
Plaintiffs also argue that Tri-State has a duty to defend its insured, irrespective of the policy limits and therefore should not have been dismissed from the suit. We hold that plaintiffs have no right or interest to urge this issue. Clearly, that issue is one between the insurer and its insured and is governed by the contract between them. Any breach of the contractual provisions with respect to the insurer’s duty to defend must be brought by the insured.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.